# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

Assigned on Briefs February 23, 2012

## STATE OF TENNESSEE v. EDWIN DEWAN REESE

**Appeal from the Marshall County Circuit Court**
**Nos. 2010-CR-149, 2011-CR-13      Robert Crigler, Judge**

_____

### No. M2011-01692-CCA-R3-CD - Filed May 14, 2012

_____

Edwin Dewan Reese ("the Defendant") pled guilty to (1) one count of driving after having been declared an habitual motor vehicle offender and (2) one count of failure to appear. There was no agreement as to the Defendant's sentence. After a hearing, the trial court sentenced the Defendant as a standard offender to one year, six months on each offense. The trial court also ordered the Defendant to serve his sentences consecutively. The Defendant now appeals both the length and consecutive service of his sentences. After a careful review of the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Donna L. Hargrove, District Public Defender; William J. Harold, Assistant District Public Defender, Lewisburg, Tennessee, for the appellant, Edwin Dewan Reese.

Robert E. Cooper, Jr., Attorney General & Reporter; Brent C. Cherry, Senior Counsel; Chuck Crawford, District Attorney General; Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural History

The Defendant was charged with one count of driving after having been declared an habitual motor vehicle offender[1] and one count of failing to appear in conjunction with the driving offense.[2] The Defendant pled guilty to both counts on June 22, 2011. At the plea hearing, the prosecutor explained the factual basis for the charges as follows:

> On 10-CR-149, the charge of Habitual Motor Vehicle Offender, on or about the 16th day of July, 2010, [the Defendant] was found to be operating a motor vehicle here in Marshall County by local law enforcement after having been previously declared an Habitual Motor Offender.

> And then 11-CR-13, on or about November 17th, 2010, he did fail to appear at the Marshall County Circuit Court while being out on bond.

The Defendant acknowledged the accuracy of these statements and stated that he was guilty of both offenses. The trial court accepted the Defendant's pleas and set a sentencing hearing.

At the sentencing hearing, the presentence report was admitted into evidence without objection. Crystal Gray of the State of Tennessee Probation and Parole Department testified that she prepared the presentence report. According to Gray's investigation, the Defendant had eighteen prior misdemeanor convictions and nine probation violations. The Defendant also had outstanding fines and costs due to the Lewisburg city court. On cross-examination, Gray acknowledged that the Defendant was current on his child support obligations at the time she prepared the report.

Ashley Terrell testified that she was the Defendant's girlfriend and had been for about six years. They had two children together, ages two and three. The Defendant was a good father to them, and the children missed him. He provided financial support for them and spent time with them every day. She stated that she "finally got a job last week, and it is real hard without him there taking care of the kids and paying the bills and stuff."

The trial court sentenced the Defendant as a Range I standard offender. In setting the length of the Defendant's sentences, the trial court found two mitigating factors: (1) the

---

[1] Tenn. Code Ann. § 55-10-616(a) (2008).

[2] Tenn. Code Ann. § 39-16-609(a) (2010).

crimes did not cause or threaten serious bodily injury, see Tenn. Code Ann. § 40-35-113(1) (2010), and (2) the Defendant pled guilty, thereby saving taxpayer money, and he evidenced some remorse, see id. § 40-35-113(13). The trial court also found two enhancement factors: (1) the Defendant has a history of criminal convictions in addition to those necessary to establish his range, see id. § 40-35-114(1) (2010), and (2) the Defendant, "before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community." Id. § 40-35-114(8). The trial court accorded these two enhancement factors "great weight" and sentenced the Defendant to one year, six months in the Tennessee Department of Correction on each of his two offenses.

The trial court denied alternative sentencing, explaining "the [D]efendant has been placed on probation frequently and recently. It has failed to deter his driving in a revoked or habitual status. Also he has a long history of criminal conduct. Confinement is needed to protect society by restraining him because he has a long history of criminal conduct."

The trial court ordered the Defendant to serve his sentences consecutively on two bases. Pursuant to Tennessee Code Annotated section 39-16-609(f), a sentence for failure to appear "may be ordered to be served consecutively to any sentence received for the offense for which the defendant failed to appear." The trial court also found that the Defendant "is an offender whose record of criminal activity is extensive." Id. § 40-35-115(b)(2) (2010). Additionally, the trial court found "that the consecutive sentencing, that effective three-year sentence is justly deserved in relationship to the seriousness of these offenses and is no greater than that deserved for the offenses committed."

The Defendant contends that each of his sentences is excessive, complaining that the trial court did not weigh the mitigating and enhancing factors appropriately. He also claims that the trial court "should not have enhanced the Defendant to the middle of range I without any prior felony convictions on his criminal record." Finally, the Defendant contends that the trial court erred in ordering him to serve his sentences consecutively. The State disagrees and asks that we affirm the Defendant's sentences.[3]

_____

[3] The trial court also addressed the issue of alternative sentencing and, after appropriate consideration, denied alternative sentencing. The Defendant has not stated the denial of alternative sentencing as an issue in this appeal. The Defendant does reference the term "alternative sentencing" on page 6 of his brief, but that reference appears to only be a part of his argument as to the length of the sentences and the fact that the trial court ran the sentences consecutively. Additionally, the Defendant cites no authority for any error by the trial court on alternative sentencing. Therefore, we conclude that the Defendant has not raised this issue on appeal.

## Analysis

### *Standard of Review*

In making its sentencing determination, the trial court must consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010). The trial judge should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5) (2010).

When the record affirmatively shows that the trial court considered the statutory sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption that the trial court's determinations are correct. See Tenn. Code Ann. § 40-35-401(d) (2010); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Additionally, when the trial court gave "due consideration . . . to the factors and principles which are relevant to sentencing under the Act, and [the record establishes] that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). When the record does not demonstrate that the trial court gave due consideration to the requisite criteria, our review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169. The appealing party, here the Defendant, bears the burden of establishing that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts; see also Ashby, 823 S.W.2d at 169. The record in this case establishes that the trial

court considered the statutory sentencing principles and all relevant facts and circumstances and that its findings are supported by the proof. Therefore, our review is de novo with a presumption that the trial court's determinations are correct.

We agree with the State as to the trial court's sentencing decisions. The Defendant was convicted of two Class E felonies in this case, see Tenn. Code Ann. §§ 39-16-609(e), 55-10-616(b), and was sentenced as a Range I standard offender. Therefore, the Defendant was subject to a sentencing range of one to two years for each offense. See Tenn. Code Ann. § 40-35-112(5) (2010). The trial court imposed a mid-range sentence of one year and six months on each count upon giving "great weight" to two enhancement factors and less weight to two mitigating factors.

A defendant's sentence may be enhanced on the basis of his or her previous history of criminal convictions "in addition to those necessary to establish the appropriate range." Id. § 40-35-114(1). We agree with the trial court that the Defendant's history of criminal convictions is extensive. The Defendant has eighteen misdemeanor convictions. He was thirty-five years old at the time of the sentencing hearing. The Defendant has ably demonstrated his disrespect for the law. The fact that he previously has not been convicted of a felony does not absolve the Defendant of the consequences of his repeated refusals to obey the law. The trial court committed no error in enhancing the Defendant's sentences on this basis. Nor did the trial court err by enhancing the Defendant's sentences on the basis of his repeated failures to comply with the conditions of his probationary sentences. See id. § 40-35-114(8). The proof demonstrated nine probation violations. We agree that these repeated violations of his probationary sentences portend pessimistically on the Defendant's potential for rehabilitation. Accordingly, we affirm the trial court's imposition of mid-range sentences for each of the Defendant's two offenses.

The record also supports the imposition of consecutive sentences. "The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2). That the Defendant's prior convictions are all misdemeanors avails him no protection from the imposition of consecutive sentences. This Court has upheld consecutive sentencing when the defendant's record of criminal history is even less severe than in this case. See State v. Steven W. Black, No. E2010-00924-CCA-R3-CD, 2011 WL 208075, at *3 (Tenn. Crim. App. Jan. 13, 2011), perm. app. denied (Tenn. May 25, 2011) (affirming consecutive sentences where defendant had eleven previous misdemeanor convictions and three violations of his probation). See also State v. James Clifford Wright, No. 01C01-9811-CC-00476, 1999 WL 994055, at *3 (Tenn. Crim. App. Oct. 29, 1999) (affirming consecutive sentences where defendant had two prior convictions for driving

under the influence, a conviction for driving on a suspended license, and a conviction for speeding).

"In addition to the specific criteria in Tenn[essee] Code Ann[otated] [section] 40-35-115(b), consecutive sentencing is guided by the general sentencing principles providing that the length of a sentence be 'justly deserved in relation to the seriousness of the offense' and 'no greater than that deserved for the offense committed.'" State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002) (quoting Tenn. Code Ann. §§ 40-35-102(1), –103(2)) (footnote omitted). The trial court determined that both of these criteria were met and the record supports the trial court's determination. Thus, we uphold the trial court's decision to impose consecutive sentences pursuant to section 40-35-115.[4]

**Conclusion**

The trial court committed no reversible error in sentencing the Defendant. Accordingly, we affirm the Defendant's sentences.

_____
JEFFREY S. BIVINS, JUDGE

---

[4] As a result, we need not review the trial court's alternative basis for imposing consecutive sentences under Tennessee Code Annotated section 39-16-609(f).